UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WYNDHAM VACATION OWNERSHIP, INC., and WYNDHAM HOTELS AND RESORTS, LLC,**

**Plaintiffs,**

**v.**

**Case No: 6:13-cv-195-Orl-28DAB**

**TIMESHARES DIRECT, INC., and JEFFREY W. FRANTZ,**

**Defendants.**

---

## ORDER

Plaintiffs, Wyndham Hotels and Resorts, LLC, and Wyndham Vacation Ownership, Inc., allege violations of federal and Florida trademark laws based on Defendants' use of Plaintiffs' trade names and service marks in promotional materials. Defendants have filed a Motion to Dismiss Plaintiffs' First Amended Complaint for failure to state a claim upon which relief can be granted. (Doc. 27). Because Plaintiffs have sufficiently alleged their claims, the motion to dismiss must be **DENIED**.

### I. Background

According to Plaintiffs' First Amended Complaint, Plaintiffs are "world leaders in the vacation ownership (commonly known as timeshare) exchange industry." (First Am. Compl., Doc. 24 ¶ 16). Defendants are in the business of "helping timeshare owners rent or sell timeshares and . . . helping others find the perfect timeshare to rent." (Id. ¶ 23) (emphasis removed). To market their services, Plaintiffs own and use various trade names and service marks, at least some of which are registered with the United States Patent and Trademark Office.

Plaintiffs allege that Defendants violated federal and state trademark laws by using Plaintiffs' marks in Defendants' promotional materials, which Plaintiffs contend are intended to cause consumers to believe that Defendants are affiliated with Plaintiffs. Plaintiffs bring claims of federal trademark infringement (Count I), federal false designation of origin/false affiliation (Count II), federal trademark dilution (Count III), violation of Florida's Deceptive and Unfair Trade Practices Act (Count IV), and trademark dilution under Florida law (Count V). Along with the First Amended Complaint, Plaintiffs filed a copy of the allegedly infringing promotional materials. (Ex. A to Doc. 24).

## II. Motion to Dismiss Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Facial plausibility requires the plaintiff to plead facts allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

## III. Plaintiffs' Claims

### A. Count I: Federal Trademark Infringement

Plaintiffs allege that Defendants have violated section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), which provides in part:

> Any person who shall, without the consent of the registrant . . . use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . .

To prevail on a federal trademark infringement claim under § 32(1)(a), a plaintiff must ultimately demonstrate "'that (1) its mark was used in commerce by the defendant without the registrant's consent and (2) the unauthorized use was likely to cause confusion, or to cause mistake or to deceive.'" Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1241 (11th Cir. 2007) (quoting Burger King Corp. v. Mason, 710 F.2d 1480, 1491 (11th Cir. 1983)).

Defendants argue that their utilization of Plaintiffs' marks did not cause confusion or deception of the public. However, Plaintiffs have alleged in the Amended Complaint that Defendants' materials were "specifically designed to confuse consumers into believing that [Defendants'] business is affiliated with, sponsored by or otherwise authorized by Plaintiffs" and that Defendants' use of Plaintiffs' marks is "likely to cause confusion or mistake or deception." (Doc. 24 ¶¶ 26, 33). Plaintiffs have sufficiently stated a cause of action under § 32(1)(a) to survive the motion to dismiss. See Disney Enters. v. Innis Bus. Corp., No. 8:06-cv-1240-T-24-MAP, 2006 WL 2598356, at *2 (M.D. Fla. Sept. 11, 2006) ("Whether or not Plaintiff can ultimately show that Defendants' use

of Plaintiff's trademarks is likely to cause confusion, to cause mistake, or to deceive is an issue for the trier of fact or that can be raised in a motion for summary judgment.").

**B. Count II: False Designation of Origin/False Affiliation**

In Count II, Plaintiffs allege that Defendants violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

To prove false designation of origin under § 43(a), "a plaintiff must establish that the defendant adopted a mark confusingly similar to the plaintiff's mark such that there was a likelihood of confusion as to the origin of the goods." Ross Bicycles, Inc. v. Cycles USA, Inc., 765 F.2d 1502, 1503 (11th Cir. 1985). And, under the plain language of the statute, a plaintiff can also prove a violation of § 43(a) by showing that the defendant used a term or symbol that is likely to cause confusion or deceive as to affiliation between the parties.

Defendants argue that Count II should be dismissed because Plaintiffs do not allege that the Defendants adopted the marks of the Plaintiffs and because there could be no confusion regarding an affiliation between the Plaintiffs and Defendants. As to whether Defendants adopted the marks of Plaintiffs, Plaintiffs allege in the Amended Complaint that Defendant "uses the [Plaintiffs'] Marks to promote their programs and services," (Doc. 24 ¶ 25), and that Defendants' promotional materials are designed so

consumers believe that Defendants are affiliated with Plaintiffs, (id. ¶ 26). In addition, Plaintiffs have alleged that the Defendants used the marks in commerce. As with Count I, Plaintiffs have sufficiently alleged confusion to survive a motion to dismiss. (See also Doc. 24 ¶ 40). Whether Plaintiffs can ultimately prove the required elements of this cause of action is a matter to be determined by the trier of fact or on a motion for summary judgment.

**C. Count III: Federal Trademark Dilution**

Plaintiffs next allege that Defendants violated section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), which states that

> the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

The elements of a cause of action under § 43(c) are that "(1) the plaintiff's mark is famous; (2) the defendant used the plaintiff's mark after the plaintiff's mark became famous; (3) the defendant's use was commercial and in commerce; and (4) the defendant's use of the plaintiff's mark has likely caused dilution." Rain Bird Corp. v. Taylor, 665 F. Supp. 2d 1258, 1266-67 (N.D. Fla. 2009) (citing Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 633 (9th Cir. 2008)).

Defendants argue that Count III should be dismissed because there is nothing in the brochure attached to the Amended Complaint that impairs the distinctiveness of the mark. However, in the Amended Complaint, Plaintiffs allege that their marks are famous and distinctive and were famous before the Defendants began using the marks. (Doc. 24 ¶ 15). Plaintiffs also allege that Defendants used the marks to promote their

business, satisfying the requirement that the Defendants' use be commercial, (id. ¶ 24), and that Defendants' use of the marks is likely to cause dilution and "is likely to lessen and has lessened and will continue to lessen the capacity of the [Plaintiffs'] Marks to identify and distinguish the goods and services of Plaintiffs," (id. ¶ 47). Taking these allegations as true, Count III plausibly gives rise to an entitlement to relief.

### D. Count IV: Violation of Florida's Deceptive and Unfair Trade Practices Act

In Count IV, Plaintiffs allege violations of Florida's Deceptive and Unfair Trade Practices Act, which provides that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." § 501.204, Fla. Stat. (2013). Engaging in trademark infringement is an example of an unfair and deceptive trade practice, so if a plaintiff sufficiently pleads a claim for trademark infringement, the plaintiff also sufficiently states a claim under the Deceptive and Unfair Trade Practices Act. Marco's Franchising, LLC v. Marco's Italian Express, Inc., No. 8:06-cv-00670-T-17-TGW, 2007 WL 2028845, at *3 (M.D. Fla. July 9, 2007); see also Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc., 508 F.3d 641, 652-53 (11th Cir. 2007); RGS Labs Int'l, Inc. v. Sherwin-Williams Co., No. 09-14242-CIV, 2010 WL 317778, at *4 (S.D. Fla. Jan. 11, 2010); Rain Bird Corp., 665 F. Supp. 2d at 1267. Because Plaintiffs have adequately pleaded claims under the Lanham Act, dismissal of Count IV is not warranted.

### E. Count V: Trademark Dilution under Florida Law

Finally, Plaintiffs allege violations of section 495.151, Florida Statutes, which prohibits "another person's commercial use of a mark or trade name if such use begins after the mark has become famous and is likely to cause dilution of the distinctive

quality of the famous mark." Courts have found that the standard for establishing a claim of dilution under Florida law is "extremely similar" to claims under §§ 32 and 43 of the Lanham Act. Marco's Franchising, 2007 WL 2028845, at *3; see also Rain Bird Corp., 665 F. Supp. 2d at 1267 ("The legal standards under the federal and Florida antidilution statutes are the same."). Thus, because Plaintiffs have stated a cause of action for dilution under federal law, Count V is also sufficiently pleaded.

## IV. Conclusion

Plaintiffs have sufficiently stated all five counts of their Amended Complaint. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 27) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 19, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties